[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT
This action, by writ, summons and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on July 3, 1990 and thence to later dates when the Defendant appeared by counsel and said action was claimed to the trial list, and thence to the present when the Plaintiff appeared to prosecute the claim for a dissolution of said marriage.
The Court, having heard the evidence, finds the following:
1. The Plaintiff, whose maiden name is Sandra Hrynczuk, and the defendant were intermarried on September 9, 1984 in Wethersfield, Connecticut.
2. The Plaintiff has resided continuously in the State of Connecticut for at least twelve (12) months preceding the filing of the complaint and all statutory stays have expired.
3. The marriage of the parties has broken down irretrievably.
4. The Plaintiff and the Defendant have no minor children issue of the marriage. No other minor children have been born to the wife since the date of this marriage.
5. No individual or agency is presently responsible for the support, education or maintenance of either of the parties to this action.
WHEREUPON, it is adjudged that the marriage of the parties to this action be and hereby is dissolved and they are each hereby declared to be single and unmarried.
AND IT IS ORDERED THAT the plaintiff shall retain her 25% ownership in Hanger, Inc. and that the defendant shall retain his 25% in Hanger, Inc. CT Page 11841
AND THAT both liquor store business shall remain in the name of the defendant, Steve Leon.
AND THAT the property located at 426 Maple Street, Wethersfield, Connecticut shall be sold. After the first mortgage, $40,000 to the defendant and the normal and customary realty costs of the sale have been paid, the balance shall be divided 50/50 between the parties. On January 1, 1993, if the property is not sold and until the date of sale, each party shall be responsible for one-half of all costs of maintaining the premises until sold.
AND THAT the following CD's shall remain pledged to support loans for Hanger, Inc., and once and if that status is satisfied, shall be the property of the defendant.
 Mechanics Bank CD 0011011275 Mechanics Bank CD 0011011760 Mechanics Bank CD 0011011157 Mechanics Bank CD 0011011182 People's Bank CD 748005259 People's Bank CD 748005285
AND THAT the following two CD's shall be split equally between the parties:
 CD 0011011978 CD 0011011769
For tax purposes, this financial calculation and disbursement shall take place on the date of the sale of the home.
AND THAT all stocks listed in plaintiff's affidavit of April 6, 1992, Schedule A, shall be turned over to the defendant immediately.
AND THAT the plaintiff shall retain all title and ownership rights in the 1985 Mercedes automobile.
AND THAT each party shall keep their life insurance policies.
AND THAT the defendant shall pay to the plaintiff the sum of $100.00 per week as alimony for a period of three years. Said alimony shall be non-modifiable as to the amount and term.
AND THAT any awards received by the plaintiff for either her workers' CT Page 11842 compensation claim and/or personal injury will be offset dollar-for-dollar above $5,200 per year if received during the alimony period.
AND THAT the defendant shall pay counsel fees to the plaintiff's counsel in the sum of $5,000.00 at the time of the closing on the house, plus costs of $1,460.28.
BY THE COURT
Barbara J. Chappell
We hereby certify that the above judgment conforms with the judgment entered by the Court.
Lloyd Frauenglass Seymour Rothenberg Attorney For Plaintiff Wife Attorney for Defendant Husband
CT Page 1